UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORDAN D. KNIPPLING,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　　　　Defendant. | No. C10-5382 RJB/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff filed a motion for leave to proceed *in forma pauperis* on May 7, 2010. Dkt. 1. In a letter dated May 28, 2010, the Court Clerk advised Plaintiff to submit his *in forma pauperis* application on the court approved form by June 28, 2010. Dkt. 3. That letter was returned to the court on June 4, 2010, marked "refused." Dkt. 5. In addition, upon review of Plaintiff's "Notice of Removal," the court finds that Plaintiff has failed to state a claim upon which relief may be granted.

DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

ORDER TO AMEND OR SHOW CAUSE- 2

On the basis of these standards, Mr. Knippling appears to have failed to state a claim upon which relief can be granted.

Mr. Knippling did not file a civil complaint in this court. Instead, he filed a "Notice of Removal," purporting to "remove" an ongoing state criminal case pending in the Mason County Superior Court. Dkt. 1-3, p. 1. Mr. Knippling alleges that his first trial before the Mason County Court for custodial assault resulted in a mistrial and a second trial on the charges against him was scheduled for May 11, 2010. *Id.*, pp. 2-3. Mr. Knippling alleges that this second trial violates his Fifth Amendment protection from double jeopardy. Dkt. 1-3, p. 3. He asserts various allegations regarding the conduct of his counsel. *Id.*, pp. 2-3. He also alleges that he was "assaulted by the Shelton staff badly to the point of being bloody ...." *Id.*, p. 3. Mr. Knippling requests that this court "find and order that Jeopardy attached in the first trial." *Id.*, p. 8.

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

This action challenges the propriety of ongoing proceedings in Mason County Superior Court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45  46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987) (Younger abstention doctrine

ORDER TO AMEND OR SHOW CAUSE- 3

applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972).  *See Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.

Here, the Plaintiff has not plead any extraordinary circumstances warranting intervention by this court in any ongoing state proceeding.  He has also not plead any violation of rights protected by the Constitution or federal statute.  If Plaintiff wishes to proceed with a claim, he must provide a short and plain statement indicating how he has suffered a violation of rights protected by the Constitution or federal statute.  He must further describe how such violation was proximately caused by a person acting under color of state or federal law.

In addition, when a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

ORDER TO AMEND OR SHOW CAUSE- 4

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Thus, and to the extent Mr. Knippling seeks any relief from any conviction or sentence resulting from his second trial and/or monetary damages, his sole remedy is in habeas.

Plaintiff is also advised that under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, the "State of Washington" is not a "person" under §1983.

Plaintiff alleges that he was assaulted by "Shelton staff," but fails to allege facts or name specific individuals to support any claim of constitutional harm. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered. In addition, Plaintiff must name the individuals who are responsible for causing him harm. It is not sufficient to merely name individuals in supervisory positions. He must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694

ORDER TO AMEND OR SHOW CAUSE- 5

n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Due to the deficiencies described above, the court will not serve the complaint. Mr. Knippling may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **August 20, 2010.** If Mr. Knippling chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Knippling shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Knippling shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C10-5382RJB/KLS must be written in the caption. Additionally, Mr. Knippling must submit a copy of the "First Amended Complaint" and service addresses for each named Defendant.

If Mr. Knippling decides to file an amended civil rights complaint in this action to properly allege a § 1983 cause of action, he is advised that he must pay the $350.00 filing fee in full or submit a properly completed application to proceed *in forma pauperis*. He is cautioned that if he fails to do so, the court will recommend dismissal of this action as frivolous pursuant to

ORDER TO AMEND OR SHOW CAUSE- 6

28 U.S.C. § 1915.  He is further cautioned that if he fails to timely file an amended complaint or if he fails to adequately address the issues raised herein on or before **August 20, 2010**, the court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Knippling an application to proceed *in forma pauperis* and the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this   29th   day of July, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7